UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CACIANO GARCIA MENDEZ, et al., | Case No. 2:25-cv-02560-TMC |
| Petitioners, | ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| LAURA HERMOSILLO, et al., | |
| Respondents. | |

## I.    INTRODUCTION AND BACKGROUND

Petitioners are individuals who entered the United States without inspection years ago,

were apprehended by Department of Homeland Security officials in 2025, and are detained at the

Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington.

Dkt. 1 ¶¶ 1–40; Dkt. 4 ¶¶ 2–4; Dkt. 5 ¶¶ 2–4; Dkt. 6 ¶¶ 2–4; Dkt. 7 ¶¶ 2–4; Dkt. 8 ¶¶ 2–4; Dkt. 9

¶¶ 2–4; Dkt. 10 ¶¶ 2–4; Dkt. 11 ¶¶ 2–4; Dkt. 12 ¶¶ 2–4. Petitioners Caciano Garcia Mendez,

Pablo Guzman Santoyo, Pablo Lara Paredes, Oscar Villatoro Monzon, Manuel Ruelas Garibay,

Benito Orozco-Rodriguez, Cristino Zurita Paz, Julian Ortiz-Velazquez, Roberto Garcia Munive,

and Jose Ulises Zambrano Vazquez each requested a bond hearing before an Immigration Judge

("IJ"), and each was denied on the basis that he was subject to mandatory detention under

8 U.S.C. § 1225(b)(2)(A). Dkt. 3-3 at 2; Dkt. 3-6 at 2; Dkt. 3-9 at 2; Dkt. 3-12 at 2; Dkt. 3-15 at

2; Dkt. 3-29 at 2; Dkt. 19 at 4. Zambrano Vazquez's petition was denied on the additional basis that he presents a flight risk. Dkt. 19 at 4. Aside from Zambrano Vazquez, these Petitioners received bond in the alternative: $15,000 for Guzman Santoyo, Ruelas Garibay, Ortiz-Velazquez, and Garcia Munive; $12,000 for Garcia Mendez; $8,000 for Lara Paredes and Villatoro Monzon; $7,500 for Zurita Paz; and $5,000 for Orozco-Rodriguez. Dkt. 3-3 at 2; Dkt. 3-6 at 2; Dkt. 3-9 at 2; Dkt. 3-12 at 2; Dkt. 3-15 at 2; Dkt. 3-29 at 2; Dkt. 19 at 4. Petitioners Jose Armando Aguirre Bernabe, Jesus Barajas Cano, Artemio Hernandez-Tapia, Ana Gabriela Martinez Torres, Gaspar Mendoza Mendoza, and Oscar Rodriguez have not yet received bond rulings. *See* Dkt. 1 ¶¶ 16–17, 20–27, 30–31; Dkt. 19 at 4; Dkt. 20 at 1 n.1.

On December 12, 2025, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 68–72. On December 18, Federal Respondents filed a return to the habeas petition. Dkt. 19. Petitioners filed a traverse the same day. Dkt. 20. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition as to Petitioners Guzman Santoyo, Ruelas Garibay, Ortiz-Velazquez, Garcia Munive, Garcia Mendez, Lara Paredes, Villatoro Monzon, Zurita Paz, Orozco-Rodriguez, Aguirre Bernabe, Barajas Cano, Hernandez-Tapia, Martinez Torres, Mendoza Mendoza, and Rodriguez; DENIES the petition as to Petitioner Zambrano Vazquez; and DISMISSES the petition without prejudice as to Petitioner Juan Arenas Martinez.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws

ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS - 2

1    or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004);

2    28 U.S.C. § 2241(c).

3                          **III.    DISCUSSION**

4    **A.    Petitioners Guzman Santoyo, Ruelas Garibay, Ortiz-Velazquez, Garcia
          Munive, Garcia Mendez, Lara Paredes, Villatoro Monzon, Zurita Paz,**

5    **Orozco-Rodriguez, Aguirre Bernabe, Barajas Cano, Hernandez-Tapia,
          Martinez Torres, Mendoza Mendoza, and Rodriguez are entitled to habeas**

6    **relief as members of the *Rodriguez Vazquez v. Bostock* Bond Denial Class.**

7        On September 30, 2025, in *Rodriguez Vazquez v. Bostock*, this Court granted summary

8    judgment to members of a certified Bond Denial Class, defined to include the following

9    individuals:

10       All noncitizens without lawful status detained at the Northwest ICE Processing
         Center who (1) have entered or will enter the United States without inspection,

11       (2) are not apprehended upon arrival, (3) are not or will not be subject to detention
         under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is

12       scheduled for or requests a bond hearing.

13   *Rodriguez Vazquez v. Bostock*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL

14   2782499, at *6 (W.D. Wash. Sept. 30, 2025).

15   The Court issued the following declaratory relief:

16       The Court declares that Bond Denial Class members are detained under
         8 U.S.C. § 1226(a) and are not subject to mandatory detention under

17       8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration
         Court's practice of denying bond to Bond Denial Class members on the basis of

18       § 1225(b)(2) violates the Immigration and Nationality Act.

19   *Id.* at *27.

20       Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because

21   they are members of the Bond Denial Class. Dkt. 1 ¶¶ 68–72. While Federal Respondents

22   express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not

23   dispute that Petitioners Guzman Santoyo, Ruelas Garibay, Ortiz-Velazquez, Garcia Munive,

24   Garcia Mendez, Lara Paredes, Villatoro Monzon, Zurita Paz, Orozco-Rodriguez, Aguirre

Bernabe, Barajas Cano, Hernandez-Tapia, Martinez Torres, Mendoza Mendoza, and Rodriguez are members of the Bond Denial Class for purposes of this matter. Dkt. 19 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that the above-named Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, --- F. Supp. 3d ---, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *16–27. These Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA, entitling them to habeas relief. *See* 28 U.S.C. § 2241(c)(3).

**B.      Petitioner Zambrano Vazquez is lawfully detained.**

Federal Respondents do not dispute that Zambrano Vazquez is a member of the *Rodriguez Vazquez* Bond Denial Class. Dkt. 19 at 3. But even under § 1226(a)'s discretionary detention provision, Zambrano Vazquez is lawfully subject to detention based on the IJ's determination that he presents a flight risk. *See id.* at 4. Because his detention does not violate the Constitution or laws of the United States, habeas relief is not available to Zambrano Vazquez at this time. *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody.").

**C.      The Court dismisses the habeas petition as to Petitioner Arenas Martinez.**

Federal Respondents argue that Arenas Martinez is not a member of the Bond Denial Class. Dkt. 19 at 4. Petitioners have agreed to the dismissal of Arenas Martinez's habeas claim. Dkt. 20 at 1. In accordance with the parties' agreement, the Court dismisses the habeas petition as to Arenas Martinez without prejudice.

## IV.    CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1

2

3

4

1.    The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Caciano Garcia Mendez, Pablo Guzman Santoyo, Pablo Lara Paredes, Oscar Villatoro Monzon, Manuel Ruelas Garibay, Benito Orozco-Rodriguez, Cristino Zurita Paz, Julian Ortiz-Velazquez, Roberto Garcia Munive, Jose Armando Aguirre Bernabe, Jesus Barajas Cano, Artemio Hernandez-Tapia, Ana Gabriela Martinez Torres, Gaspar Mendoza Mendoza, and Oscar Rodriguez. The petition is DENIED as to Petitioner Jose Ulises Zambrano Vazquez.

5

2.    The petition is DISMISSED without prejudice as to Petitioner Juan Arenas Martinez.

6

7

8

3.    Within ONE day of this Order, Respondents must either release Petitioner Caciano Garcia Mendez or allow his release upon payment of the alternative bond amount of $12,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

9

10

4.    Within ONE day of this Order, Respondents must either release Petitioner Pablo Guzman Santoyo or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

11

12

13

5.    Within ONE day of this Order, Respondents must either release Petitioner Pablo Lara Paredes or allow his release upon payment of the alternative bond amount of $8,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

14

15

6.    Within ONE day of this Order, Respondents must either release Petitioner Oscar Villatoro Monzon or allow his release upon payment of the alternative bond amount of $8,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

16

17

18

7.    Within ONE day of this Order, Respondents must either release Petitioner Manuel Ruelas Garibay or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

19

20

8.    Within ONE day of this Order, Respondents must either release Petitioner Benito Orozco-Rodriguez or allow his release upon payment of the alternative bond amount of $5,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

21

22

23

9.    Within ONE day of this Order, Respondents must either release Petitioner Cristino Zurita Paz or allow his release upon payment of the alternative bond amount of $7,500 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

24

10.    Within ONE day of this Order, Respondents must either release Petitioner Julian Ortiz-Velazquez or allow his release upon payment of the alternative bond

ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS - 5

amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

11.    Within ONE day of this Order, Respondents must either release Petitioner Roberto Garcia Munive or allow his release upon payment of the alternative bond amount of $15,000 and any conditions set by Immigration and Customs Enforcement/the Department of Homeland Security.

12.    Within fourteen days of receiving Petitioner Jose Armando Aguirre Bernabe's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

13.    Within fourteen days of receiving Petitioner Jesus Barajas Cano's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

14.    Within fourteen days of receiving Petitioner Artemio Hernandez-Tapia's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

15.    Within fourteen days of receiving Petitioner Ana Gabriela Martinez Torres's request for a bond hearing, Respondents must either release her or provide her a bond hearing under 8 U.S.C. § 1226(a).

16.    Within fourteen days of receiving Petitioner Gaspar Mendoza Mendoza's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

17.    Within fourteen days of receiving Petitioner Oscar Rodriguez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 19th day of December, 2025.

Tiffany M. Cartwright
United States District Judge

ORDER REGARDING PETITION FOR WRIT OF HABEAS CORPUS - 6